CASE 28—PETITION EQUITY—SEPTEMBER 26.

# Lee's executor vs. Lee, &c.

APPEAL FROM MARION CIRCUIT COURT.

Where a son, with a full knowledge of the probable value of his expected share of his father's estate, with the assent of his father, sells out his prospective interest under circumstances of perfect fairness and good faith on the part of the purchaser, the chancellor will not relieve him of his bargain, though he may have sold for a grossly inadequate price.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Prior to April, 1852, Samuel Lee, sr., had made and published his last will, in which, after making some specific legacies, he devised to his son, James Lee, the appellee, the one sixth of the *residuum* of his estate.

James Lee was a citizen of the Sate of Missouri, and on the 5th of April, 1852, was at his father's, with whom appellant seems to have resided, on a visit. The disposition of his property by Samuel Lee, sr., in his will, was known by his two sons, and was understood by the family. James Lee desired to raise $400 to take with him on his return to Missouri; informed his father and brother of this desire, and applied to one or both of them for the money, proposing to sell his prospective interest in the estate of his father under his will to realize the sum needed or desired by him. A negotiation for the sale of that interest was then commenced between the brothers, certainly with the knowledge, and probably in the presence, of the father. During the negotiation, appellee was informed by his father that he thought, if he would wait, he would make his part of the estate worth $1,500; to which he replied, he would rather have $400 then than $1,500 or $2,000 five years from that time. Finally, a contract was agreed upon, and concluded by the brothers, and appellant paid the $400 so much desired by appellee for this interest; and in order that the same should be secured beyond any contingency that might thereafter arise, Samuel Lee, *senior*, and appellee, executed to appellant the following writing:

" In consideration that my son, Samuel Lee, jr., has this day paid over to my son, James Lee, at *my request,* four hundred dollars, I do hereby bind myself to give to said Samuel Lee, jr., the part of my estate that I have, by a will heretofore made, given to said James Lee, which part is an equal share of my estate with the other children, and further bind myself to secure the said part to said Samuel Lee, jr., by a codicil to my will."

That writing is signed by Samuel Lee, sr., and appellee.

In March, 1863, Samuel Lee, sr., died without having made the codicil to his will as he had covenanted in said writing to do; but leaving it as it was when said writing was executed.

After the death of the testator, his will was probated in the county of Marion, the place of his domicile, and appellant qualified as sole executor; and this suit was brought by James Lee against him for a settlement, and to recover the portion of the estate devised to him, and a judgment having been rendered in his favor by the court below, Samuel Lee, jr., prosecutes this appeal.

Relief has been granted in most cases of sales of expectancies on the grounds of fraud, either constructive or actual, and generally such transactions have been infected with both species of fraud; and in all cases where there is proof of actual fraud, relief will be granted; and so it will be where fraud may be presumed, from the situation and condition of the contracting parties—weakness or recklessness on the one side, and advantage taken of these infirmities on the other, or extortion practised. Says *Justice Story* (1 *vol. Sto. E. J., section* 334), " there has always been an appearance of fraud from the nature of the bargain, even if there be no proof of any circumvention, but merely from the intrinsic unconscionableness of the bargain. In most of these cases have occurred deceit and illusion on other persons not privy to the fraudulent agreement; the father, ancestor, or relation, from whom was the expectation of the estate, has been kept in the dark; the heir, or expectant, has been kept from disclosing his circumstances, and resorting to them for advice, which might have tended to his relief, and also reformation. This

misleads the ancestor who has been seduced to leave his estate, not to his heir or family, but to a set of artful persons, who have divided the spoil beforehand."

The cases in which relief has been granted have been attended by the prominent facts and circumstances enumerated in the foregoing extract.

In the case at bar there is neither allegation nor proof of actual fraud; and the facts disclosed divest the transaction of every vestige of constructive fraud. Appellee at the time, according to the proof, was forty-five years of age, is the elder brother; nothing pertaining to the contract was con-concealed from the father; and in the writing which he executed he declares that the $400 had been paid over, *at his request,* by his son Samuel, to his son James Lee.

Appellee was warned by his father that his part of the estate, at his death, might be worth $1,500; and he said he wanted the money to invest in land, and he had rather have $400 then, than four or five times the amount at the expiration of five years.

All the facts and circumstances, therefore, which have been held to be requisite in this class of cases to the granting relief, and the reasons for which it has been granted, are, upon examination, found to be wanting in this case.

If, then, appellee in this open, unrestrained, free, and voluntary manner, sold his birthright, with the knowledge and approval of his father, to speculate with the proceeds, and the investment yielded to him great gains, he is entitled to the unmolested enjoyment of them; but if, upon the other hand, the speculation turned out a mess of pottage, he must take it as the bitter fruit of his own indiscretion or misfortune, and learn that the chancellor cannot relieve him.

Wherefore, the judgment is *reversed,* and the cause remanded, with directions that appellee's petition be dismissed with costs.